NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| Rodolfo Daniel Garcia Lagos,<br><br>*Petitioner*,<br><br>v.<br><br>Markwayne Mullin, *et al.*,<br><br>*Respondents*. | Civil Action No. 26-cv-04731<br><br>**ORDER**<br><br>May 28, 2026 |

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus of Petitioner, Rodolfo Daniel Garcia Lagos, pursuant to 28 U.S.C. § 2241 challenging the legality of his continued immigration detention (ECF No. 1); and

**WHEREAS**, Petitioner contends that Respondents are unlawfully subjecting him to mandatory detention pursuant to 8 U.S.C. § 1225(b) rather than discretionary detention under 8 U.S.C. § 1226(a) (*id.*); and

**WHEREAS**, Petitioner alleges that he is a native and citizen of Honduras who entered the United States without inspection near the United States–Mexico border on or about July 1, 2021, and that he was encountered by immigration authorities at the time of entry (*id.* ¶ 34); and

**WHEREAS**, Petitioner further alleges that on November 2, 2021, immigration authorities issued a warrant for his arrest but contemporaneously determined that he should be released on his own recognizance pursuant to an ICE custody determination and Order of Release on Recognizance, after which he was required to report regularly to ICE check-in appointments (*id.* ¶ 35); and

**WHEREAS**, Petitioner represents that he has remained in removal proceedings since that time and has continued to defend against removal, including by filing an application for asylum and withholding of removal before the Immigration Court (*id.* ¶¶ 36, 38); and

**WHEREAS**, Petitioner alleges that after complying with ICE supervision requirements and attending all scheduled check-ins since 2021, he received a text message directing him to report to the ICE Field Office on October 25, 2025, and was detained during that check-in appointment, where he has remained in custody since that date (*id.* ¶ 37); and

**WHEREAS**, Petitioner further alleges that on March 20, 2026, he filed a Motion for Bond Determination before the Immigration Court, which the Immigration Judge denied on the basis that the court lacked jurisdiction to grant bond because Respondents considered Petitioner detained pursuant to 8 U.S.C. § 1225(b)(2) (*id.* ¶ 39); and

**WHEREAS**, Petitioner contends that he has no criminal history and no final order of removal, with removal proceedings presently pending before the Immigration Court and a master calendar hearing scheduled for May 7, 2026 (*id.* ¶¶ 40, 42); and

**WHEREAS**, Petitioner further alleges that his continued detention has caused substantial hardship to his family, including emotional distress to his United States citizen daughters and financial instability resulting from the loss of Petitioner's employment in the landscaping industry, where he served as the primary financial provider for his household (*id.* ¶ 43); and

**WHEREAS**, Respondents filed a Response to the Petition on May 11, 2026, that cites authority which they acknowledge has been rejected by several courts to reach the issue in this District[1] (ECF No. 5); and

---

[1] *See, e.g., Marca Lemu v. Soto,* No. 25-cv-17098 (RMB), 2025 WL 3470298 (D.N.J. Dec. 3, 2025); *Perez v. Lyons*, No. 25-cv-17186 (ESK), 2025 WL 3238540 (D.N.J. Nov. 19, 2025); *Ayala Amaya v. Bondi*, No. 25-16427 (ESK), 2025 WL 3033880 (D.N.J. Oct. 30, 2025); *Smit Patel v.*

**WHEREAS**, Respondents have not alleged that Petitioner poses a danger to the community or risk of flight (*see id.*); and

**WHEREAS**, the Court has reviewed the Petition (ECF No. 1), the Response (ECF No. 5), and resolves the matter on the controlling statutory framework; and

**WHEREAS**, Petitioner is being unlawfully detained under 8 U.S.C. § 1225. However, as set forth in this Court's recent decision in *Bethancourt Soto v. Soto*, 807 F. Supp. 3d 397 (D.N.J. 2025), Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond; and

**WHEREAS**, the Court notes that federal courts have in near unanimity similarly rejected the Government's position in approximately 300 cases to date. *See, e.g.*, *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. Nov. 18, 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. Those decisions are plainly correct."); and

**WHEREAS**, under these circumstances, "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediately release him and enjoin the Government from further similar

---

*Almodovar*, No. 25-15345 (SDW), 2025 WL 3012323 (D.N.J. Oct. 28, 2025); *Lomeu v. Lyons*, No. 25-16589 (EP), 2025 WL 2981296 (D.N.J. Oct. 23, 2025); *Contreras Maldonado v. Cabezas*, No. 25-13004 (JKS), 2025 WL 2985256, at *2 (D.N.J. Oct. 23, 2025); *Soto v. Soto*, No. 25-16200 (CPO), 2025 WL 2976572 (D.N.J. Oct. 22, 2025); *Castillo v. Lyons*, No. 25-16219 (MEF), 2025 WL 2940990 (D.N.J. Oct. 10, 2025); *Rivera Zumba v. Bondi*, No. 25-14626 (KSH), 2025 WL 2753496 (D.N.J. Sept. 26, 2025), *appeal filed sub nom. Rivera Zumba v. U.S. Attorney Gen.*, No. 25-3328 (3d Cir. Dec. 2, 2025).

transgressions." *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained[.]" *Id.* at 366. The Court declines to allow *post hoc* justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. *See, e.g.*, *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 782 (E.D. Mich. 2025) (citing cases) ("The Court cannot credit this new position that was adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under this provision."); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning."); therefore

**IT IS,** on this 28th day of May 2026,

**ORDERED** that Petitioner's § 2241 Petition (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that Respondents shall **RELEASE** Petitioner within 24 hours of this Order, under the same conditions that existed prior to his detention; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time

4

of Petitioner's release; and it is further

**ORDERED** that Respondents are **ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him; and it is further

**ORDERED** that, should Respondents later detain Petitioner, this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this case, at which time the Court may take further action as appropriate; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**